IN THE UNITED STATES DISTRICT COURT FOR THE    RECEIVED
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

2006 MAY -5  A 10: 18

DANIEL SANDERS

    PLAINTIFF

VS.                                    CV 361-WKW

BOB RILEY, ET: AL:

    DEFENDANTS

_____/

### MOTION TO AMEND COMPLAINT FOR DECLARATORY JUDGMENT

In this matter comes now Daniel Sanders and pursuant to Federal Rules of
Civil Procedure, Rule 15, and shows the Honorable Magistrate good cause exist
for the amending of the pending Civil Action for Alabama Statutes of law to
which Sanders has absolute right to invoke Declaratory Judgment. The following :

1. Sanders comes under the provisions of Alabama Criminal Code which governs
Alabama Convictions. Sanders was sentenced under the Alabama Habitual Offender ACT
13A-5-9, with sentence enhancement.

2. Alabama Statute under 14-9-41(e) gives CIT Good Time to HFOA inmates with
15 Years, and discriminates against all other inmates under the same Class by
HFOA status, and Class.

3. Discrimination is prohibited by Alabama Constitution, and the Federal Consti-
tution of these United States.

4. Alabama Statutes 14-9-41(a) and 14-9-41(e) has a clear conflict by actual
language spoken. Sanders has a right to have full statutory right to which
Statute controls, and which is palin and well understood, as required by Alabama
laws for enforcement. Sanders by Laws of the State of Alabama presentes his claim.

**Plaintiffs in support says**: In opinion of the justices No. 293, 410 SO2d 60, 61 (ALA. 1982) "Generally, any law with respect to the punishment to be given must operate equally on every citizen or inhabitant of the State, and a statute is void as a denial of equal protection of the laws which prescribes a different punishment or different degrees of punishment for the same acts committed under the same circumstances by persons in like situations."

[A]. Plaintiffs each have shown that for the same identical crime under a Class C Felony offense for a mere possession of drugs a inmate convicted to 15 years will receive cit good time, where this same inmate with the same crime receives 25 years with no cit good time to his sentence. There is nothing about this that grants equal protection. In fact there is different punishment, and a different degree of punishment for the same crime and both coming under the HFOA ACT. 14-9-41(a) This aspect of the Statute is where the equal protection violation comes from. 14-9-41(a) this grants both inmates cit good time. Where the plain language in the legislative speech is all offenses other than life are entitled to Cit Good Time. Where the law is not operating equally the ruling is that the Statute is void. This was issued under the ruling, opinion of the justices No. 293, 410 SO2d.

[B]. The words spoken in 14-9-41(a) is not the envious, where in this very plain language the legislative intent grants a penological interest for all inmates and the citizens of the State of Alabama. Inmates are granted an incentive to work and end their sentence based on the conduct and work they do while incarcerated.

[C]. 14-9-41(e) Prohibits and segregates inmates who have a sentence which exceeds 15 years. When the Equal Protection is violated. The results granted mass overcrowding of jails and prisons. The Penological interest and constitutional violations committed by the segregated acts has resulted in mass confusion of Alabama Laws as a whole.

I. **The Title to ACT 80-446** states that the intent and purpose of the Statute is to create a law which establishes classification and eligibility criteria for correctional incentive deduction.

1. 14-9-41(a) States the very intent of the Legislative intent. This is the only place in the statute will you find how the cit is to be awarded, and it definitely states who are eligible. In the very language of 14-9-41(a) it is plainly stated that **each prisoner who shall hereafter be convicted for any offense...................other than life..........**may be entitled to earn a deduction from his sentence as follows:

It is plain and clear that the intent and very purpose was stated within 14-9-41(a) as follows, and explain just how the classification works and would be applied.

2. 14-9-41(e) Which was amended in October of 1991 the increase of time by sentence number was to 15 years. Where the stated purpose under 14-9-41(e) was to provide that no habitual offenders would earn CIT GOOD TIME, and for the public interest. It is a total defeat of what was ruled under HILSABECK V. STATE 477 SO. 2d 465, 469, 470 (ALA. CR. APP. 1984) What was not considered is that DICKERSON V. STATE, 414 SO. 2d 998, 1006 (ALA. CR. APP 1982) The Court said : "The purpose of S 45 have been stated to be (1) To fairly appraise the public of the subjects of legislation of the that

are being considered so that it may have an opportunity to respond thereto, (2) To truly inform the members of the Legislature of the subject of a bill so that they may intelligently and faithfully execute their duties, and (3) To prevent the inclusion of matter in a bill incongruous with the title which possibly could not individually obtain legislative assent but when combined with other matter into one bill would by reason of such gain favor and secure passage.

When the alleged original desired deterrent was to prohibit habitual offenders from earning CIT GOOD TIME. The amended ACT under 14-9-41(e) Violated protected constitutional rights of each plaintiffs listed in this action now pending. Where the face of the records show that Alabama CIT GOOD TIME LAW was originally stated under 14-9-41(a) Each prisoner who shall hereafter........of any offense.......other than life" This mandated language is the full constitutional aspects of the statute which must prevail.

II. **Attorney General duties by law under the statute.** Code of Alabama 1975 S 36-15-1(7)(9) The Attorney General Troy King in this action owes a legal duty by law for the rights of plaintiffs and each citizen of the State of Alabama.

[A]. The Statute 14-9-41(a) The plain language of the statute has not been addressed by the Attorney General Troy King. Any-one reading the stated language must agree that all inmates other than life have entitlement to earn CIT GOOD TIME by a classification system which comes from 14-9-41(a) As written.

[B]. The Attorney General has a mandated duty to address the unconstitutional acts, and each and every envious aspect that has taken place with 14-9-41(e). The plain truth exist that the 15 year sentence imposed comes under the habitual offender. It is further true that the Attorney General has the records of each inmate who receives CIT GOOD TIME by way of Alabama Code 1975 s 14-9-41(h). In that the Commissioner of DOC has the records of all inmates who have been given CIT GOOD TIME.

[C]. The Duty is for the Attorney General to make the revisions, and any envious aspects that has taken place, and the correcting of any existing problems. It is obvious that the Attorney General is aware of the Mass Prison Over-Crowding. And owes a duty to the citizens of the State of Alabama to provide a legal relief system for the State of Alabama. Plaintiffs state that our sister state Florida, under prior legislation granted what is called EMERGENCY GAIN TIME. When Florida PRISONS become 98% maximum capacity Florida granted inmates EMERGENCY GAIN TIME. Our Attorney General for the State of Alabama has full knowledge that Alabama is over 98% maximum capacity.

Lisa Roberts, Plaintiff in this action shows that the Attorney General Troy King knows that the females are housed in the State of Louisiana. And females in Alabama are living in overcrowded conditions. The duty under the laws of the State of Alabama by way of Alabama Constitution 1901 Article IV. SEC. 85 mandates that 14-9-41(a) must be taken under special review, and grant just what the Attorney General for the State of Florida did for the over crowded prisons. Attorney General Troy King has a legal duty to take full review of 14-9-41(e), where under this statute HFOA inmates receive CIT GOOD TIME, and the only difference is the amount of time that a inmate receives. To comply with the constitution of Alabama grants each plaintiff and the citizens of this state

the full Equal Protection, and relieves the over crowded prisons for the constitutional violations that exist, and for the public best interest.

III.  **A DOC Prison Commissioner.** Defendants each listed under a legal duty has not completed with state law, and the provisions to which Alabama constitution affords each plaintiff. Each and every plaintiff has a constitutional right to receive the benefits of what is expressed and stated by legislative intent under 14-9-41(a). Each defendant working with the Governor of the State of Alabama has stated in open public, by news cast, and in the newspapers that a solution was being presented for the tax payers, of the State of Alabama and to provide prison bed space. Each defendant has full knowledge and have been apart of the changes in the laws of the State of Alabama. 13A-5-9.1 The amending of the habitual offender, Kirby Ruling.  Under 13A-5-9.1 none violent amending of the law, which grants a inmate with life and life without to return back to court by proper motion, and be resentence and granted his freedom for a life sentence and life amount. When the actual amount of time that any one of these inmates could have served is from ten to twenty years on said sentence, and go free.  On the other hand you have inmates under the same law 13A-5-9 and who have been sentence by way of the HFOA, and received twenty five years, but this inmate is not afforded any CIT GOOD TIME, nor is he given any relief to prevail in court under the amending of the law by way of 13A-5-9.1 It is without doubt that the legislators were under full impression that the other inmates were receiving CIT GOOD TIME and had no need of filing into court for resentence aspects.  The Constitution provides that there must be something that is done for the 14th Amendment Rights for all inmates who have the same right that the legislative laws granted those under the HFOA.

      Plaintiffs say that based on the language of the law as written under 14-9-41(a) CIT GOOD TIME must be granted to each named plaintiff and all who qualify as written by law.  In <u>BROOKS V. STATE</u>, 622 SO. 2d 447, 451 (ALA. CR. APP. 1993) The discrimination can not be justified on the basis the severity of the sentence imposed or the seriousness of the crime committed.  The 1991 amendments grants GOOD TIME benefits to sex offenders with longer sentences corresponding to presumably more serious crimes, yet denies retroactive benefits to sex offenders with shorter sentences for presumably less heinous crimes.  The only distinction appears to be the timing of conviction and sentencing.  The Chronology of conviction and sentencing alone cannot supply a rational basis for such differential treatment.  **Plaintiffs** in this action state the very same there can't be a discrimination in the aspects of applying the CIT GOOD TIME LAW.  The issues before this court concerns Constitutional rights that are owed by the Constitution of the State of Alabama and our Federal Constitution of these United States.  In BROOKS, SUPRA, The court held quoting FRAZIER V. MANSON, 703 F.3d 308 (1983) : **"Statute that increased good time** for inmates sentenced after October 1, 1976, discriminated against prisoners before that date and cannot be upheld absence of rational basis for differences in treatment.  In this case each **Plaintiff has shown the actual difference in treatment,** and there is no justifiable reason to give CIT GOOD TIME to only a few habitual offenders and deny the remainder where the only difference is the sentence

number, and not the degree of the crime.

Plaintiff further show that mass confusion exist, where the very passage of 15-18-8 split sentence grants violent offenders a twenty year sentence under the HFOA, and others with Class A felony offenses a means where they can EOS a full twenty year term under the split sentence within six years. But the Statute of law to which Plaintiff directs this Court to is 14-9-41(a). EACH PRISONER WHO SHALL HEREAFTER BE CONVICTED OF ANY OFFENSE.....OTHER THAN FOR LIFE..... MAY BE ENTITLED TO EARN A DEDUCTION FROM HIS SENTENCE, AS FOLLOWS: Plaintiff come under the equal protection of what the Alabama Legislative body voted on and most definitely is plain language which must be applied to protect our constitutional rights.

The Court has a duty to award a fair ruling in this action on the actual conflict that exist with 14-9-41(a) and 14-9-41(e). Where segregation can't be allowed in Alabama at all. See LYNCE V. MATHIS, 519 US 433, 137 L.Ed. 2d 63, 117 S.Ct. 891. Alabama like Florida can resolve the mass over crowding that exist, by awarding CIT GOOD TIME under 14-9-41(a) as writtem.

RELIEF DUE

1. The Court serve each Defendant in this action.

2. Defendants to show cause for the discrimination which exist in the Statute 14-9-41(e), and provide a full special report for the 14th Amendment violation.

3. The Defendants to show good caus under 14-9-41(e) as to how HFOA inmates with 15 years can receive CIT Good Time under Class C and Class B and others with 20, 25, 30 and more can't receive CIT Good Time where there's no difference.

4. Sanders seeks full declaratory judgment to issue.

(A). To declare 14-9-41(e) to be unconstitutional based on Alabama Constitution 1901 Article IV Section 61, where the original purpose has been defeated and

HFOA inmates are receiving CIT Good Time, and other HFOA inmates with same crimes are being discriminated against altogether.

5. To grant any and all relief to which Sanders is entitled by law.

ACTION TWO: UNCONSTITUTIONAL VIOLATIONS DONE BY
GOVERNMENT OFFICALS STATE PRISONS

!. Sanders come under Alabama Prison Statute for inmates in Alabama.

2. Defendants have a Constitutional legal State law duty to protect inmates, and to comply with United States Constitution.

3. Defendants have failed to comply with United States Constitution to relieve Alabama Prison  violations with over crowded Prisons and Jails.

4. Defendants have used Alabama law under CIT Good Time to create over crowded Prisons and dangerous conditions.

5. Defendants amended Statute 14-9-41(e) was done in October 1991, where Defendants openly gave Habitual Offenders Cit Good Time, and knowingly created mass over crowded Alabama Prisons, where 14th Amendment violations are taking place.

Relief Requested.

1. Defendants to be served in this action.

2. Defendants to provide a full report for State Statute violations which exist.

3. Defendants to show cause for discrimination.

4. Defendants to provide a full remedy owed to all.

Respectfully

Daniel Sanders II 141012
DANIEL SANDERS
565 BIBB LANE
BRENT, AL. 35034

MAY 3rd, 2006